USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/30/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VIDA J. AFRIYIE o/b/o D.K.B., a minor,   :
   :
   Plaintiff,   :
   :
   -against-   :     **OPINION & ORDER**
   :
COMMISSIONER OF SOCIAL SECURITY,   :     19-CV-4635 (JLC)
   :
   Defendant.   :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Vida J. Afriyie, on behalf of her minor son D.K.B., brought this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her son supplemental security income benefits based on childhood disability. On September 10, 2020, the Court granted Afriyie's motion for judgment on the pleadings and remanded the case to the Commissioner pursuant to 42 U.S.C. § 405(g). Afriyie now seeks an award of attorney's fees and costs in the amount of $14,555 under the Equal Access to Justice Act. The Commissioner opposes a fee award because he contends his position was substantially justified and argues, in the alternative, that if the Court were to grant an award, the fee requested is excessive. For the reasons stated below, Afriyie's motion is granted in substantial part, and Afriyie is awarded fees in the amount of $14,227.

## I. BACKGROUND

On September 10, 2020, the Court granted Afriyie's motion for judgment on the pleadings, denied the Commission's cross-motion, and remanded the case back to the agency.  Dkt. No. 27 ("Opinion and Order").  Judgment was entered the same day.  Dkt. No. 26.  Specifically, the Court remanded Afriyie's case because the ALJ failed to (1) "address relevant evidence in the record, including standardized test scores, as required," and (2) "failed to develop the record."  Dkt. No. 27, at 22.[1]

On November 23, 2020, Afriyie moved for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and requested payment of fees expended for both work on the merits and on the instant fee motion. Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees, dated November 23, 2020, Dkt. No. 30 ("Pl. Mem.").  The Commissioner filed a response on January 25, 2021.  Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees, dated January 25, 2021, Dkt. No. 34 ("Def. Mem.").  In his opposition, the Commissioner argues that fees are not warranted because his position on the merits was substantially justified.  Alternatively, he contends that if fees are awarded, the amounts sought by Afriyie are excessive and should be reduced.  Afriyie submitted a reply memorandum on February 8, 2021.  Plaintiff's Reply Memorandum of Law in Support of her Motion for Attorney's Fees, dated

---

[1] Familiarity with the underlying facts, including the administrative decision, as well as the Court's decision granting Afriyie's motion, is presumed.

February 8, 2021, Dkt. No. 36 ("Pl. Reply").  Afriyie requests $11,828.50 for work on the merits of the case, plus $717.50 for the fee application, and an additional $2,009 for the reply papers, for a total of $14,555.  *See* Reply Affirmation of James M. Baker, dated February 8, 2021, Dkt. No. 35, at 3 ("Baker Reply Aff.").

## II. DISCUSSION

The EAJA provides in pertinent part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A).  Thus, the EAJA outlines four conditions for Afriyie to receive fees: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement."  *Finch v. Saul*, No. 17-CV-892 (OTW), 2020 WL 1940308, at *2 (S.D.N.Y. Apr. 22, 2020) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)); *see also Gomez-Belano v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011).

In addition, the EAJA provides that the "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished,

3

except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 US.C. § 2412(d)(2)(A).

The Court will consider each of these conditions in turn.

## A.   Prevailing Party

The Commissioner does not challenge that Afriyie is the prevailing party. Because Afriyie received a remand, she is the prevailing party. *See Finch,* 2020 WL 1940308, at *2 ("A litigant who has received a remand is a prevailing party." (citing *McKay v. Barnhart*, 327 F. Supp. 2d 263, 266–67 (S.D.N.Y. 2004)).[2]

## B.   Substantial Justification

"The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Thus, to meet his burden, the Commissioner must "make a strong showing that [his] action was justified to a degree that could satisfy a reasonable person" and that his position was substantially justified in "law and fact." *Healey v. Leavitt,*

---

[2] A prevailing plaintiff must also have a net worth of under $2,000,000. *See* 28 U.S.C. § 2412(d)(2). Afriyie's net worth is under $2,000,000. Pl. Mem. at 3 n.1 (citing Dkt. No. 1).

485 F.3d 63, 67 (2d Cir. 2007) (internal quotations omitted); *Vacchio v. Ashcroft*, 404

F.3d 664, 674 (2d Cir. 2005).

Citing *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988), the Commissioner

argues that to be substantially justified, his position "does not have to be correct; it

has to be merely reasonable." Def. Mem. at 2. However, *Cohen* does not support the

Commissioner's position because the Second Circuit in that case left open the

question of whether being "substantially justified" is the same as being

"reasonable." *See Cohen*, 837 F.2d at 586 ("However, *we need not resolve that*

*question now*. The position of the Government was substantially justified

regardless of whether the 'reasonableness' test or a more stringent one is used to

define the meaning of the statutory phrase 'substantially justified.'" (emphasis

added)). Another court in this District addressed this precise argument almost a

decade ago, in which it disagreed with the Commissioner's position that "the mere

articulation of a reasonable argument is sufficient to preclude recovery of attorney's

fees," and found that "[b]eing substantially justified is indeed a higher standard

than having a reasonable position." *Rocchio v. Comm'r of Soc. Sec.*, No. 08-CV-3796

(JPO), 2012 WL 3205056, at *2 (S.D.N.Y. Aug. 7, 2012) (citing *Pierce v. Underwood*,

487 U.S. 552, 566 n.2 (1988) ("[O]ur analysis does not convert the statutory term

'substantially justified' into 'reasonably justified.'"); *Jean*, 496 U.S. at 158 n.6 ("To

be 'substantially justified' means, of course, more than merely undeserving of

sanctions for frivolousness." (citation omitted)); *see also Finch*, 2020 WL 1940308, at

5

*2 (finding "substantially justified" to be more than "reasonable").  The Court agrees with the analysis in *Rocchio* that the Commissioner's position should be more than merely reasonable in order to be "substantially justified."

Moreover, in a social security case, the Commissioner must make the required "strong showing" as to each "issue upon which this Court remanded."  *Hill v. Comm'r of Soc. Sec.*, No. 14-CV-9665 (GBD) (BCM), 2017 WL 5632813, at *4 (S.D.N.Y. July 28, 2017) (quoting *Benson v. Astrue*, 2013 WL 1800580, at *2 (S.D.N.Y. Apr. 29, 2013)), *adopted by* 2017 WL 5634679 (Nov. 21, 2017).  *See also Marshall v. Colvin*, 2015 WL 507197, at *2 (N.D.N.Y. Feb. 6, 2015) ("The Government cannot prevail by arguing that it was substantially justified in some of the positions it took if it was not substantially justified on all the positions."); *Maxey v. Chater*, 1996 WL 492906, at *3 (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue . . . that caused [the Court] to remand this case.").  Both the underlying agency determination and litigation defending that strategy need to be substantially justified.  *See Healey*, 485 F.3d at 67 ("The Government's position includes both the position taken by the United States in the civil action and the action or failure to act by the agency upon which the civil action is based." (cleaned up)).[3]

---

[3] *See Bromback v. King*, 141 S. Ct. 740, 748 n.6 (2021) (using "cleaned up" to address "citation baggage" that comes with quoted material).

The Commissioner argues that his position in denying benefits and in defending that denial in this Court was substantially justified. Specifically, the Commissioner contends that there is support in the record for: the ALJ to have relied on Dr. Parks' opinion and D.K.B.'s testing scores without further developing the record, and not to further develop the record in other respects, particularly concerning D.K.B.'s potential placement on the autism spectrum. Def. Mem. 3–10. But the Commissioner's arguments fail for the same reasons articulated in the Opinion and Order. Crucially, as Afriyie observes, the Commissioner fails to cite any cases in which a court has found an ALJ's comparable errors to be incorrect but nevertheless substantially justified. Pl. Reply at 5. Instead, the Commissioner simply attempts to re-litigate the issues that were resolved against him on the merits.

Thus, the Commissioner has not met his burden to show that his position was substantially justified. When the Court "remands on the ground that the evidence was insufficient to render a ruling, the question is not whether the Commissioner was reasonable in not granting plaintiff's claim but whether or not the Commissioner was reasonable in denying her claim and pursuing his opposition to this litigation based on that very evidence." *Santos v. Astrue*, 752 F. Supp. 2d 412, 415 (S.D.N.Y. 2010) (quoting *Lewis v. Apfel*, 1998 WL 66012, at *2 (S.D.N.Y. Feb. 18, 1998)). Given the various errors in the ALJ's decision detailed in the Opinion and Order—and especially because Afriyie was *pro se* in front of the ALJ—the Court

7

finds that the Commissioner's decision not to develop the record and then to defend
the error in federal court was not substantially justified.  *See, e.g.*, *Rocchio*, 2012
WL 3205056, at *2 (finding "ALJ's failure to develop the record fully during the
administrative proceeding" to be neither reasonable nor substantially justified).
This determination is borne out by the fact that on January 8, 2021, a different ALJ
issued a fully favorable decision in Afriyie's favor without even holding a hearing.
*See* Baker Reply Aff. at 6, and Exh. A.  *See also Ericksson*, 557 F.3d at 82
(Commissioner's position found not to be substantially justified in part because, on
remand, second ALJ awarded benefits based, in substantial part, on proper
assessment of same evidence).

## C.      Special Circumstances and Timeliness

"Courts look to traditional equitable principles when deciding whether
special circumstances would make an award of attorney's fees unjust."  *Finch*, 2020
WL 1940308, at *5 (citing *McKay*, 327 F. Supp. 2d at 267).  The Commissioner does
not argue that there are any special circumstances that would make an award
unjust, and the Court is not aware of any.

"A judgment rendered by a court that terminates the civil action for which
EAJA fees may be received will be considered a final judgment, and the thirty-day
fee application period will run after the time to appeal that final judgment has
expired."  *Id.* (internal quotations and alteration omitted) (quoting *United States v.*
*27.09 Acres of Land*, 1 F.3d 107, 11 (2d Cir. 1993).  Afriyie filed her motion within

8

30 days after the Commissioner's time to appeal expired, and therefore the motion is timely.

**D.   Reasonable Attorney's Fees**

"Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded." *Forrest v. Colvin*, No. 15-CV-1573 (KPF), 2016 WL 6892784, at *2 (S.D.N.Y. Nov. 21, 2016) (citing *Jean*, 496 U.S. at 161).  The Commissioner argues that even if fees are awarded under the EAJA, Afriyie's requested fees are excessive and include non-compensable clerical services.  Def. Mem. at 11.

**1.   Rate of Fees**

Afriyie requests a rate of $205 per hour, which the Commissioner does not contest.  Pl. Mem. at 6.  The statutory rate for EAJA cases is $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 US.C. § 2412(d)(2)(A).  The Court approves the requested rate, consistent with other decisions in this District approving similar rates.  *See, e.g.*, *Chambers v. Comm'r of Soc. Sec.*, No. 19-CV-2145 (RWL), 2021 WL 791327, at *2 (S.D.N.Y. Mar. 1, 2021) (approving rate of $206.84 per hour); *Finch*, 2020 WL 1940308, at *6 (approving rate of $201.60 an hour); *Martin v. Comm'r of Soc. Sec.*,

No. 19-CV-1831 (GBD) (KNF), 2020 WL 2793022, at *3 (S.D.N.Y. May 29, 2020) (approving rate of $207.94 per hour).

### 2. Number of Hours

Afriyie's counsel, James M. Baker, requests a total of 57.7 hours for the attorney time in this Court, 3.5 hours on the fee application, and 9.8 hours on the reply papers. *See* Affirmation of James M. Baker, dated November 20, 2020, Dkt. No. 30, at 2–4, 6 ("Baker Aff."); Baker Reply Aff. at 3. The Commissioner argues that Afriyie's requested fees are excessive because 20 to 40 hours are found to be generally reasonable in this Circuit for a typical disability case. Def. Mem. at 11–12. The Commissioner does not provide any particular reason why this case does not warrant more than the average case in this Circuit, but instead argues that the requested fee should be lowered solely because it is higher than what is usually awarded in this Circuit. *Id.*

Although it is true that fees for 20 to 40 hours is what is typically awarded in a social security case, a "larger award may be reasonable where a case is not routine because of 'the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts.'" *Forrest*, 2016 WL 6892784, at *3 (quoting *Stewart v. Comm'r of Soc. Sec.*, No. 12 Civ. 3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)). In his affirmation, Baker identified several reasons why the case took more hours than the average social security case. *See* Baker Aff. at 4–5. In particular, Baker noted the following

10

factors: he did not represent Afriyie in the prior proceedings, which required more time to familiarize himself with the record; the 629-page record, though not particularly long, entailed a thorough and careful review, including reviewing different results that were "seemingly contradictory" and "expressed in incompatible formats"; and the legal issues were numerous and somewhat complex, such as the treatment of language dysfunction under multiple domains, which required a review of a "large body of case law," among other issues, and necessitated an oversized memorandum of law. *Id.* The Commissioner did not attempt to respond to any of these factors but maintains that the Court should nonetheless reduce the requested fees.

The Court agrees with Afriyie that the factors in this case justified spending more hours than in an average social security case, particularly in light of the Commissioner's failure to demonstrate any specific reason to reduce the number of hours. This is consistent with other EAJA applications in this District that have awarded fees above the 20-to-40-hour range. *See, e.g.*, *Santiago v. Comm'r of Soc. Sec.*, No. 19-CV-4001 (KPF) (KNF), 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (awarding hours over the 20-to-40-hour range because counsel did not represent plaintiff in administrative proceedings and counsel was required to "scour the record" to make distinct arguments); *Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012) (considering attorney's successful efforts in awarding fees above the 20-to-40-hour range). Thus, the "Court

11

will not reduce the number of hours simply because they exceed the average in this Circuit." *Santiago*, 2020 WL 7335310, at *4.

### 3. Clerical Tasks

The Commissioner further argues that Afriyie's requested fees should be reduced because she seeks recovery for clerical services performed by an attorney. Def. Mem. at 12. Specifically, he disputes the rewarding of fees for time spent sending a memo to a secretary (.1 hour on November 4, 2019) and for filing papers (.9 hours on November 19, 2019 and .6 hours on January 31, 2020). *Id.* Baker counters that the .1 hour sending the memo should be compensated because he was not doing clerical work but rather asking his secretary to do clerical work. Baker Reply Aff. at 1. In addition, in his reply affirmation, Baker clarifies that he failed to break out the filing time on both dates and contends the entries are recoverable because the November 19, 2019 entry consisted of a .8-hour client meeting and .5 hours of the January 31, 2020 entry were spent drafting the notice of motion and tables of contents and authorities. *Id.* at 1–2. Baker, however, concedes that the .2 hours spent filing the motions may not be recoverable. *Id.* at 2.

The Court will deduct .1 hour for sending the memo to his secretary because administrative or clerical work—regardless of who performs the work—is not compensable under the EAJA. *See, e.g.*, *Chambers v. Comm'r of Soc. Sec.*, No. 19-CV-2145 (RWL), 2021 WL 791327, at *3 (S.D.N.Y. Mar. 1, 2021) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)); *Finch*, 2020 WL 1940308, at *6. The Court

will deduct .2 hours for filing because the time spent filing is clerical and therefore not recoverable. *See, e.g., Conforti v. Berryhill*, No. 19-CV-2958 (JGK), 2021 WL 796494, at *2 (S.D.N.Y. Mar. 2, 2021) ("clerical tasks such as 'filing' . . . are not reimbursable under EAJA"). Lastly, the Court will reduce the 1.3 hours that Baker originally mischaracterized because only fees from contemporaneous time records are recoverable. *See, e.g.*, *Murillo v. Colvin*, No. 14-CV-3555 (KMK) (PED), 2016 WL 6208574, at *2 (S.D.N.Y. Oct. 21, 2016) ("To be contemporaneous the records must be created 'while the work is being done, or more likely, immediately thereafter. Descriptions of work recollected in tranquility days or weeks later will not do.'" (quoting *Jerolmon v. Astrue*, No. 10-CV-267, 2013 WL 210898, at *3 (D. Conn. Jan. 18, 2013)). The Court will therefore reduce a total of 1.6 hours from Afriyie's fee application. At a rate of $205 an hour, that totals a $328 reduction.

## III.    CONCLUSION

For the foregoing reasons, Afriyie shall be awarded $14,227 in attorney's fees and costs. The Clerk of Court is respectfully directed to mark the motion at Docket No. 29 as granted.

**SO ORDERED.**

Dated: March 30, 2021
        New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

13